## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**IN RE:**
    **Toner, Jeffrey J.**           : Chapter 13
    **Toner, Patricia A.**
        **Debtors**             : 18-14632

## REVISED ORDER

**AND NOW,** this ____ day of _____ 2018, upon consideration of the application by Debtors, **Jeffrey J. and Patricia A.** Toner it is hereby **ORDERED** as follows:

    1. The Debtors' Motion to Sell their property located at 231 Farleigh Court, Langhorne, Pennsylvania 19047, is hereby approved,

    2. The Court finds the Buyer to be a purchaser in good faith,

    3. The Debtor is authorized and permitted to make the following, distributions from proceeds generated at settlement:

    (a) Any and all past due real estate taxes, if any, and present real estate taxes if any, shall be prorated to the date of settlement,

    (b) Municipal claims, if any, including past due sewer, water ro refuse charges, if any, and any present municipal claims prorated at settlement;

    (c) Any mortgage claim existing on the subject premises. With respect to the first and second mortgages, the first mortgage held by MIDFIRST BANK and the second mortgage held by The Bank of New York Mellon, f/k/a The Bank of New York as Successor to JPMorgan Chase Bank, National Association, as Indenture Trustee for The Registered Holders of Abfs Mortgage Loan Trust 2002-3, Mortgage-Backed Pass-Through Certificates, Series 2002-3 ("The Bank of New York Mellon"), will be paid in full subject to a proper payoff quote at the time of closing and closing is required within 30 days of the payoff quote date or a new payoff is required within 30 days of closing. Moreover, that any sale short of full payoff will be subject to final approval of both The Bank of New York Mellon and MIDFIRST BANK;

    (d) All applicable closing costs including any real estate transfer taxes, realtor's commission paid in conformity with the terms, and conformity with the terms, and condition of the agreement of sale;

    (e) The Debtors shall be paid a total of up to and including $47,350.00; and

    (f) The remaining proceeds left shall be distributed and made payable to William C. Miller, Trustee, P.O. Box 1799, Memphis, Tennessee 38101-1799, to fund the Debtors' Chapter 13 Plan.

    5. This Order shall be effective immediately and shall not be subject to the Stay otherwise imposed by Bankruptcy Rule 6004 (g); and

    6. The Debtors are authorized to sign all deeds and other documents needed to transfer good title to the Real Property to the Buyer.

7. The Title Company shall send a copy of the final HUD-1 Settlement Statement to William C. Miller, Trustee, P.O. BOX 1229, Philadelphia, PA 19105, within 2 Days after closing.

BY THE COURT

_____
**Bankruptcy Judge**

John L. Mc Clain, Attorney for Debtor
John L. Mc Clain and Associates
PO Box 123
Narberth, PA 19072-0123

Jeffrey J. and Patricia A. Toner
231 Farleigh Ct
Langhorne, PA 19047

BUCKS CTY WATER AND SEWER AUTHORITY
P.O. BOX 3333
Harleysville, PA 19438

KML Law Group, PC
701 Market Street
Philadelphia, PA 19106-1532

MidFirst Bank
999 NorthWest Grand Boulevard
Oklahoma City, OK 73118

Phelan, Hallinan & Schmieg, LLP
1617 JFK Boulevard, Ste 1400
Philadelphia, PA 19103

The Bank of New York Mellon, et al
c/o Ocwen Loan Servicing, LLC
Attn: Bankruptcy Dept.
P.O. Box 24605
West Palm Beach, FL 33416-4605

Century 21 Advantage Gold
Brian Hodges. Realtor
494 Second Street Pike
Southampton, PA 18966

William C. Miller, Trustee
P.O. Box 40119
Philadelphia, PA 19106